

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

ANTINUKE HASSAN,

Defendant.

10-cr-680-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On October 14, 2010, Antinuke Hassan pled guilty to the lesser included offense of Count One of a two-count indictment. The indictment charged that on August 9, 2010, Hassan imported slightly less than 1 kilogram of heroin into the United States from Nigeria through John F. Kennedy Airport in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

Hassan was sentenced on March 17, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 37 and 46 months. It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, although there is no mandatory minimum for this offense. The guidelines range of fine was from $7,500 to $1,000,000. The underlying indictment was dismissed by the court.

Hassan was sentenced to time served and 3 years' supervised release. A $100 special assessment was imposed to be paid out of the $500 seized from the defendant. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine. The defendant is subject to forfeiture in the amount of $500.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Hassan was charged with a serious offense: the importation of heroin into the United States from Nigeria. She was paid $1,000 to bring nearly a kilogram of narcotics into the United States. She knew there were drugs in her suitcases, though she was not aware what kind of drugs. The offense marked the first time Hassan had ever attempted to import drugs into this country. She played a minor role in a larger conspiracy. Upon being stopped by authorities at the airport, Hassan immediately cooperated and attempted to further the government's investigation. She has been remorseful since her arrest.

Hassan, who is 58 years old, suffers from a heart condition and high blood pressure. She has worked hard her entire life and supports a son with mental illness, a brother with health problems and her mother who is paralyzed on one side of her body due to a stroke. Despite her steady work record, Hassan was compelled to import narcotics by economic circumstances and pressure from people who had lent a neighbor money, which Hassan became obligated to pay after that neighbor's death. A sentence of time served and 3 years' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of heroin will result in substantial penalties. Specific deterrence is achieved through the time already served and the impact of this conviction on the defendant's family at home in Nigeria. It is unlikely that she will engage in
3

further criminal activity in light of her devotion to several sick family members, personal health and age.

                                                      Jack B. Weinstein
                                                      Senior United States District Judge

Dated: March 18, 2011
       Brooklyn, New York